# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,
1411 K St. NW, Suite 1300
Washington, D.C. 20005,

    Plaintiff,

  v.

U.S. DEPARTMENT OF COMMERCE,
1401 Constitution Ave., NW
Washington, D.C. 20230,

U.S. DEPARTMENT OF AGRICULTURE
1400 Independence Ave., SW
Washington, D.C. 20250,

U.S. FOREST SERVICE
1400 Independence Ave., SW
Washington, D.C. 20250,

    *and*

U.S. DEPARTMENT OF THE INTERIOR,
1849 C Street, NW
Washington, D.C. 20240,

    Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Case No.:

## INTRODUCTION

1. On April 3, 2025, Plaintiff Center for Biological Diversity ("Center") submitted specific and narrow requests for records pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), to Defendants U.S. Department of Commerce ("DOC"), the U.S. Department of Agriculture's ("USDA") U.S. Forest Service ("USFS"), and the U.S. Department of Interior ("DOI") seeking records relating to Section 3 of the Executive Order 14225, "Immediate Expansion of American Timber Production." In violation of

FOIA, DOC, USDA, USFS and DOI have failed to provide timely determinations on the Center's request and is improperly withholding responsive records from the Center.

2.  Executive Order 14225 ("EO") directs Federal Agencies to rapidly increase logging on public lands. However, it undermines critical environmental safeguards by allowing Federal Agencies to bypass key review processes under the National Environmental Policy Act ("NEPA") and the Endangered Species Act ("ESA"). This circumvention limits public input, weakens science-based oversight, and threatens imperiled species and forest ecosystems by fast-tracking logging projects without fully considering their consequences to the human environment and imperiled species.

3.  Specifically, Section 2(a) of the EO demands the Secretary of Interior, Secretary of Agriculture, and the Secretary of Commerce to issue new or updated guidance to increase timber harvest and legislative proposals to "expand authorities to improve timber production."

4.  Section 2(b) of the EO demands the Secretary of Interior and Secretary of Commerce to "complete a strategy" to "improve the speed of approving forestry projects," and examine ways to delegate or reduce ESA consultation requirements.

5.  Section 2(e) of the EO demands the Secretary of Interior and Secretary of Agriculture develop a "plan" and adopt and create categorical exclusions to circumvent the requirements under the National Environmental Policy Act ("NEPA").

6.  The Section 3 of the EO demands "all relevant agencies," including the Secretary of Interior, Secretary of Agriculture, and Secretary of Commerce to eliminate "all undue delays within their respective permitting processes related to timber production." Additionally, it demands agencies to "suspend, revise, or rescind all existing regulations,

orders, guidance documents, policies, settlements, consent orders, and other agency

actions that impose an undue burden on timber production."

7. Section 4 of the EO directs Federal Agencies to utilize ESA regulations which allow for

streamlined consultation processes in emergency situations to "facilitate the Nation's

timber production." It further demands that the Secretary of Interior, the Endangered

Species Committee, and Director of the U.S. Fish and Wildlife Service ensure prompt

review of consultations.

8. The Center and the public are unaware of the Federal Agencies' responses to this EO.

Specifically, the Center and the public are unaware of the new or updated guidance

documents the Federal Agencies will issue regarding tools to facilitate increased timber

production. The Center and the public are also unaware of the regulations, orders,

guidance documents, policies, settlements, consent orders, and other agency actions that

DOC, USDA, and DOI have determined "impose an undue burden on timber

production." The Center's FOIA requests seek this information.

9. Despite the Center's specific and narrow requests, DOC, USDA, USFS, and DOI have

failed to provide a statutorily mandated determination within the deadline required by

FOIA and have failed to promptly provide any responsive records to the Center in

response to its requests, as required by FOIA.

10. Accordingly, the Center seeks (1) declaratory relief establishing that DOC, USDA,

USFS, and DOI have violated FOIA; and (2) injunctive relief ordering DOC, USDA,

USFS, and DOI to make an immediate determination on the Center's FOIA requests and

promptly release all requested records and information, including all reasonably

segregable portions of any lawfully exempt records, by a date certain.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

    U.S.C. § 1331 because this action arises under FOIA, the Administrative Procedure Act

    ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

12. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides

    venue for FOIA cases in this district, and because the responsive records may be found in

    this district.

13. Declaratory relief is appropriate under 28 U.S.C. § 2201.

14. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

15. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit

    conservation organization with offices throughout the United States. The Center has over

    93,000 members. The Center is the requester of the information and records at issue. The

    Center and its members are harmed by the DOC, USDA, USFS, and DOI's failures to

    disclose the requested information and records that are responsive to the Center's FOIA

    requests. These violations of FOIA preclude the Center from gaining a full understanding

    of important information about plans to implement the EO, and rules and orders that

    currently protect air and water, wildlife and nature, public lands, the climate, and

    vulnerable communities, and if and how such plans will be carried out and implmented.

    The Center's members use and enjoy National Forests for aesthetic, recreational

    scientific, spiritual, vocational and educational purposes. The information requested and

    the Center's subsequent analyses of it will help to inform and prioritize the Center's

    organizational mission, including determining where to direct resources and develop

alternate strategies to protect National Forests from logging. The Center will also share the requested information with its members and the public in general to keep them informed about mounting threats to clean air and water, wildlife and nature protections, public lands, climate, and vulnerable communities and potential avenues for response. The requested records and information will also be used to inform Congressional representatives and their staffs about threats to the environment. The Center's interests and activities are adversely affected by DOC, USDA, USFS, and DOI's failures to disclose the requested records. This injury will be redressed if the Court orders DOC, USDA, USFS, and DOI's to disclose the requested records.

16. Defendant U.S. DEPARTMENT OF COMMERCE is an independent agency of the executive branch of the U.S. government. The DOC is in possession and control of the records the Center seeks in its FOIA request to DOC, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The DOC is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint for the FOIA request to DOC.

17. Defendant U.S. DEPARTMENT OF AGRICULTURE is an independent agency of the executive branch of the U.S. government. The USDA is in possession and control of the records the Center seeks in its FOIA request to USDA's Forest Service, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The USDA is the federal agency ultimately responsible for applying and implementing the federal laws and regulations at issue in this complaint for the FOIA request to USFS.

18. Defendant U.S. FOREST SERVICE is an independent agency of the executive branch of the U.S. government within the USDA. The USFS is in possession and control the

records the Center seeks in its FOIA request to USFS, and as such, it is subject to FOIA

pursuant to 5 U.S.C. § 552(f).  The USFS is the federal agency responsible for applying

and implementing the federal laws and regulations at issue in this complaint for the FOIA

request to USFS.

19. Defendant U.S. DEPARTMENT OF INTERIOR is an independent agency of the

executive branch of the U.S. government. The DOI is in possession and control of the

records the Center seeks in its FOIA request to DOI, and as such, it is subject to FOIA

pursuant to 5 U.S.C. § 552(f).  The DOI is the federal agency responsible for applying

and implementing the federal laws and regulations at issue in this complaint for the FOIA

request to USFS.

## STATUTORY BACKGROUND

20. FOIA's primary purpose is to improve government transparency and accountability by

requiring the disclosure of agency records and information. It establishes the public's

right to access all federal agency records, 5 U.S.C. § 552(a), unless one or more narrow

statutory exemptions apply. *Id*. § 552(b).

21. Recognizing that the timely disclosure of requested records is essential to fulfilling its

purpose, FOIA imposes strict deadlines for agencies to respond to FOIA requests.

22. Within 20 working days of receiving a request, an agency must (1) determine if it will

release the requested records; and (2) notify the requester of (a) its determination and

reasons for it, (b) the right to seek assistance from the FOIA Public Liaison, and (c) the

right to appeal an adverse determination. *Id*. § 552(a)(6)(A)(i).

23. In order to make the statutorily-required "determination," the agency must at least: (i)

gather and review the documents; (ii) determine and communicate the scope of the

documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

24. In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i).

25. If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall "make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id*. § 552(a)(6)(B)(ii).

26. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*. § 552(a)(3)(C)–(D).

27. FOIA requires federal agencies to promptly disclose the requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i).

28. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy. An agency bears the burden of proof if it claims any exemption applies to withhold responsive documents. *Id*. §552(a)(4)(B).

29. Even where records may be exempt from disclosure, FOIA requires agencies to disclose

reasonably segregable portions of those records. *Id*. § 552(b).

30. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency

records and to order the production of any agency records improperly withheld from the

complainant." *Id*. § 552(a)(4)(B).

## STATEMENT OF FACTS

31. On April 3, 2025, the Center submitted four (4) separate FOIA requests to the DOC,

USDA's Forest Service, and DOI ("Agencies") requesting records related to the

Agencies' responses to the EO. The Agencies have not provided the Center with a

determination on any of the requests nor have they released records in response to the

request. The communications regarding each request are summarized below.

**FOIA REQUEST TO DOC**

32. On April 3, 2025, the Center submitted to DOC a FOIA request for records from January

20, 2025, to the date the DOC conducts the relevant search, seeking:

> . . .the records, *excluding emails,* documenting the suspension, revision, or
> recission of regulations, orders, guidance documents, policies, settlements,
> consent orders, and other agency actions that DOC has determined "impose an
> undue burden on timber production" pursuant to Section 3 of Executive Order
> 14225, "Immediate Expansion of American Timber Production"
> https://www.whitehouse.gov/presidential-actions/2025/03/immediate-expansion-
> of-american-timber-production/.

33. That same day, April 3, 2025, DOC assigned the Center's request with the

tracking number DOC-OS-2025-001480 and notified the Center that the status of

the request is "received."

34. On April 4, 2025, the DOC notified the Center that they would be unable to

respond to the request within the 20 days provided by statute due to "unusual

circumstances" including "the need to search for and collect the requested records

agency records [sic] from field facilities or other establishments that are separate

from this Office."

35. As of the date of this filing, more than 20 working days have passed since DOC

received the Center's April 3, 2025 request. The extension of 10 working days

claimed by the DOC has also passed as of the date of this filing.

36. As of the date of this filing, DOC has made no further communications with the

Center.

37. As of the date of this filing, DOC has not provided a determination to the Center

describing the scope of the records it intends to produce or withhold, explained

the reasons for withholding any records, or informed the Center that it may appeal

any specific adverse determination within the relevant time periods in 5 U.S.C. §

552(a)(6)(A)(i) or § 552(a)(6)(B).

38. As of the date of this filing, DOC has not provided any of the requested records to

the Center.

**FIRST FOIA REQUEST TO USDA'S FOREST SERVICE**

39. On April 3, 2025, the Center submitted to USDA's Forest Service a FOIA request for

records from January 20, 2025, to the date the USFS conducts the relevant search seeking

records (excluding emails):

1. For new or updated guidance documents issued pursuant to Section 2(a) of
   Executive Order 14225, "Immediate Expansion of American Timber
   Production" https://www.whitehouse.gov/presidential-
   actions/2025/03/immediate-expansion-of- american-timber-production/; and
2. Documenting the suspension, revision, or recission of regulations, orders,
   guidance documents, policies, settlements, consent orders, and other agency
   actions that DOC has determined "impose an undue burden on timber
   production" pursuant to Section 3 of Executive Order 14225.

40. That same day, April 3, 2025, USDA assigned the Center's request with the
tracking number 2025-FS-WO-05969-F.

40. Again, that same day, April 3, 2025, USDA acknowledged the Center's request
and informed the Center that there is a "backlog of pending FOIA requests."

41. On May 2, 2025, the Center, via email, requested an update on the status the
FOIA requests to USDA.

42. That same day, USDA's Government Information Specialist responded to the
Center's emails and stated that she "estimate[s] it may be six to eight weeks at the
earliest" until records are released for the requests.

43. USDA did not provide the Center with the opportunity to limit the requests so that
it may be processed within the statutory time limit or an opportunity to arrange
with the agency an alternative time frame for processing the requests.

44. As of the date of this filing, more than 20 working days have passed since
USDA's Forest Service received the Center's April 3, 2025 request. Although
USDA did not invoke the "unusual circumstances" 10-day extension, if it had,
those additional 10 days have also passed as of the date of this filing.

45. As of the date of this filing, USDA has made no further communications with the
Center regarding either FOIA request.

46. As of the date of this filing, USDA has not provided a determination to the
Center's request assigned number FOIA 2025-FS-WO-05969-F describing the
scope of the records it intends to produce or withhold, explained the reasons for
withholding any records, or informed the Center that it may appeal any specific

adverse determination within the relevant time periods in 5 U.S.C. §

552(a)(6)(A)(i) or § 552(a)(6)(B).

47. As of the date of this filing, USDA has not provided any of the requested records

for FOIA 2025-FS-WO-05969-F to the Center.

**SECOND FOIA REQUEST TO USDA'S FOREST SERVICE**

48. On April 3, 2025, the Center also submitted to USDA's Forest Service a second FOIA

request for records from March 1, 2025, to the date the USFS conducts the relevant

search, seeking records (excluding emails) "documenting the Forest Service's

implementation of Section 2(a) of the Executive Order "Immediate Expansion of

American Timber Production" (March 1, 2025)

https://www.whitehouse.gov/presidential- actions/2025/03/immediate-expansion-of-

american-timber-production/."

41. The Center noted in this FOIA request that it is willing to receive records on a rolling

basis.

42. That same day, April 3, 2025, USDA assigned the Center's request with the

tracking number 2025-FS-WO-05966-F.

49. Again, that same day, April 3, 2025, USDA acknowledged the Center's request

and informed the Center that there is a "backlog of pending FOIA requests."

50. On May 2, 2025, the Center, via email, requested an update on the status of the

FOIA requests to USDA.

51. That same day, USDA's Government Information Specialist responded to the

Center's email and stated that she "estimate[s] it may be six to eight weeks at the

earliest" until records are released for the request.

52. USDA did not provide the Center with the opportunity to limit the requests so that

it may be processed within the statutory time limit or an opportunity to arrange

with the agency an alternative time frame for processing the requests.

53. As of the date of this filing, more than 20 working days have passed since

USDA's Forest Service received the Center's April 3, 2025 request. Although

USDA did not invoke the "unusual circumstances" 10-day extension, if it had,

those additional 10 days have also passed as of the date of this filing.

54. As of the date of this filing, USDA has made no further communications with the

Center regarding either FOIA request.

55. As of the date of this filing, USDA has not provided a determination to the

Center's request assigned 2025-FS-WO-05966-F describing the scope of the

records it intends to produce or withhold, explained the reasons for withholding

any records, or informed the Center that it may appeal any specific adverse

determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or §

552(a)(6)(B).

56. As of the date of this filing, USDA has not provided any of the requested records

for FOIA 2025-FS-WO-05966-F to the Center.

**FOIA REQUEST TO DOI**

57. On April 3, 2025, the Center submitted to DOI a FOIA request for records from January

20, 2025, to the date the DOI conducts the relevant search, seeking records (excluding

emails):

1.  For new or updated guidance documents issued pursuant to Section 2(a) of
    Executive Order 14225, "Immediate Expansion of American Timber
    Production" https://www.whitehouse.gov/presidential-
    actions/2025/03/immediate-expansion-of-american-timber-production/; and

2. Documenting the suspension, revision, or recission of regulations, orders, guidance documents, policies, settlements, consent orders, and other agency actions that DOC has determined "impose an undue burden on timber production" pursuant to Section 3 of Executive Order 14225; and

3. Documenting the submissions and applications for consultations received by the Endangered Species Committee.

58. That same day, April 3, 2025, DOI assigned the Center's request with the tracking number DOI-2025-005466.

59. Again, that same day, April 10, 2025, DOI acknowledged the Center's request and informed the Center that their request "falls into the 'complex' processing track for requests that would generally take twenty-one to sixty workdays to process." The DOI also informed the Center that it is "taking a 10-day extension."

60. As of the date of this filing, more than 20 working days have passed since DOI received the Center's April 3, 2025 request. The extension of 10 working days claimed by the DOI has also passed as of the date of this filing

61. As of the date of this filing, DOI has made no further communications with the Center.

62. As of the date of this filing, DOI has not provided a determination to the Center's request describing the scope of the records it intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or § 552(a)(6)(B).

63. As of the date of this filing, DOI has not provided any of the requested records to the Center.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## DOC, USDA, USFS, and DOI have Failed to Comply with FOIA's Mandatory Determination Deadline

64. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

65. The Center properly requested records within the control of DOC, USDA, USFS, and DOI through its April 3, 2025 requests.

66. The Center has a statutory right to a lawful final determination from DOC, USDA, USFS, and DOI on the Center's April 3, 2025 FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

67. In order to make a lawful "determination," DOC, USDA, USFS, and DOI must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

68. The deadline for DOC, USDA, USFS, and DOI to provide a determination on the Center's requests has lapsed because more than 20 working days have passed since DOC, USDA, USFS, and DOI received the Center's requests and the extension of 10 working days claimed by DOC and DOI has also passed.

69. DOC, USDA, USFS, and DOI's failure to provide a lawful determination on the Center's request by FOIA's mandatory deadline violates the Center's right to a determination.

70. DOC, USDA, USFS, and DOI have no lawful basis under FOIA for its delay and has provided no lawful basis to withhold a determination in response to the Center's request.

71. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

72. The Center's organizational activities will be adversely affected if DOC, USDA, USFS, and DOI are allowed to continue violating FOIA's requirement to provide a determination.

73. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to DOC, USDA, USFS, and DOI in the foreseeable future.

74. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, DOC, USDA, USFS, and DOI will continue to violate the Center's right to receive a determination in response to the Center's requests for records under FOIA.

## SECOND CLAIM FOR RELIEF

**DOC, USDA, USFS, and DOI have Failed to Conduct an Adequate Search for Responsive Records**

75. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

76. The Center has a statutory right to have DOC, USDA, USFS, and DOI process the Center's April 3, 2025 FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

77. DOC, USDA, USFS, and DOI violated the Center's rights in this regard because DOC, USDA, and DOI have unlawfully failed to conduct adequate searches reasonably calculated to locate all records responsive to the Center's FOIA requests. *Id*.

78. DOC, USDA, USFS, and DOI have no lawful basis under FOIA for their failure to conduct adequate searches for records responsive to the Center's April 3, 2025 records requests.

79. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, DOC, USDA, USFS, and DOI will continue to violate the Center's rights under FOIA to an adequate search for records responsive to the Center's April 3, 2025 records requests.

15

## THIRD CLAIM FOR RELIEF

### DOC, USDA, USFS, and DOI have Failed to Promptly Disclose all Responsive Records

80. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

81. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

82. DOC, USDA, USFS, and DOI have violated the Center's rights in this regard by withholding records that are responsive to the Center's April 3, 2025 FOIA requests.

83. DOC, USDA, USFS, and DOI have provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id*. § 552(a)(8)(A), (b)(1)–(9).

84. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, DOC, USDA, USFS, and DOI will continue to violate the Center's right to promptly receive all records responsive to its FOIA requests.

## PRAYER FOR RELIEF

WHEREFORE, the Center requests that this Court:

A. Declare that the Defendants violated FOIA by failing to provide a lawful determination within 20 workings days on the Center's April 3, 2025 FOIA requests, tracking numbers DOC-OS-2025-001480, 2025-FS-WO-05969-F, 2025-FS-WO-05966-F, and DOI-2025-005466, failing to conduct an adequate search for records responsive to the requests, and failing to promptly disclose all records responsive to the requests;

B. Order the Defendants to immediately make a determination on the Center's April 3, 2025 FOIA requests tracking numbers DOC-OS-2025-001480, 2025-FS-WO-05969-F, 2025-FS-WO-05966-F, and DOI-2025-005466;

C. Order the Defendants to search for any and all responsive records to the Center's April 3, 2025, FOIA requests tracking number DOC-OS-2025-001480, 2025-FS-WO-05969-F, 2025-FS-WO-05966-F, and DOI-2025-005466, using search methods

reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

D.  Order the Defendants to promptly produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff.

E.  Enjoin the Defendants from continuing to withhold any nonexempt responsive records or segregable portions of the records;

F.  Retain jurisdiction of this action to ensure the processing of the Center's FOIA request and that no agency records or portions of the records are improperly withheld;

G.  Award the Center its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

H. Grant such other and further relief as the Court may deem just and proper.


DATED: May 16, 2025

Respectfully submitted,

*/s/ Howard M. Crystal*
Howard M. Crystal
(D.C. Bar No. 446189)
Center for Biological Diversity
1411 K St. NW, Suite 1300
Washington, D.C. 20005
Tel: (202) 849-8401
Email: hcrystal@biologicaldiversity.org


*/s/ Kristine M. Akland*
Kristine M. Akland (MT Bar. No. 13878)
Center for Biological Diversity
317 E. Spruce St.
Missoula, MT 59802
Phone: (406) 544-9863
kakland@biologicaldiversity.org
*(Pro Hac Vice* application pending*)*

*Attorneys for Plaintiff*